**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **VERONICA Y. McCALL-SCOVENS**     * | |
| 6624 Vincent Lane | |
| Apt. 302     * | |
| Baltimore, Maryland  21215 | |
|     * | |
| | |
|     Plaintiff,     * | Civil Action No.: _____ |
| | |
| v.     * | |
| | |
| **CHRISTINA MARIE BOYD, M.D.**     * | |
| 22 South Greene Street | |
| Baltimore, Maryland  21201     * | |
| | |
| and     * | |
| | |
| **MAY HSIEH BLANCHARD, M.D.**     * | |
| 419 West Redwood Street | |
| Suite 500     * | |
| Baltimore, Maryland  21201 | |
|     * | |
| and | |
|     * | |
| **MONIQUE ELIZABETH SPENCER, M.D.** | |
| 560 Riverside Drive     * | |
| Suite A-204 | |
| Salisbury, Maryland  21804     * | |
| | |
| and     * | |
| | |
| **VADIM V. MOROZOV, M.D.**     * | |
| 22 S. Greene Street | |
| Suite 290     * | |
| Baltimore, Maryland  21201 | |
|     * | |
| and | |
|     * | |
| **LINDSAY FAITH APPEL, M.D.** | |
| 22 South Greene Street     * | |
| Suite 290 | |
| Baltimore, MD  21201     * | |

and                                                           *


**VA MARYLAND HEALTH CARE SYSTEM/**           *
**BALTIMORE VA MEDICAL CENTER**
    <u>SERVE ON</u>:                              *
    Frank Giorno, Esquire
    U.S. Department of Veterans Affairs           *
    Office of Regional Counsel
    3900 Loch Raven Blvd.                         *
    Building 4
    Baltimore, Maryland  21214
                                                              *


and                                                           *


**THE UNITED STATES OF AMERICA**              *


    <u>SERVE ON</u>:                              *
    Eric H. Holder, Jr., Esquire
    United States Attorney General                *
    United States Department of Justice
    950 Pennsylvania Avenue, N.W.                 *
    Washington, D.C.  20530
                                                              *

    Rod J. Rosenstein, Esquire
    United States Attorney's Office               *
    District of Maryland
    36 South Charles St., 4th Floor             *
    Baltimore, Maryland  21201
                                                              *

    Robert A. McDonald
    U. S. Department of Veterans Affairs          *
    Secretary of Veterans Affairs
    810 Vermont Avenue, NW                        *
    Washington, DC  20420
                                                              *

    Frank Giorno, Esquire
    U.S. Department of Veterans Affairs           *
    Office of Regional Counsel
    3900 Loch Raven Blvd.                         *
    Building 4
    Baltimore, Maryland  21214                    *


      Defendants.                            *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW the Plaintiff, Veronica Y. McCall-Scovens, by and through her attorney, Louis G. Close, III, and sues the Defendants Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., Lindsay Faith Appel, M.D., VA Maryland Health Care System/Baltimore VA Medical Center, and The United States of America, and states as follows:

### JURISDICTION, VENUE & CONDITIONS PRECEDENT

1.      Jurisdiction is proper as the claims herein against the United States of America are brought pursuant to the Federal Tort Claims Act (hereinafter "the Act"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*., for personal injury caused by the negligent and/or wrongful acts and/or omissions of employees of the Defendant, The United States of America, while acting within the scope of employment, under circumstances where The United States of America, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Maryland.

2.      Venue is proper in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims occurred in the State of Maryland, and arose from negligent medical treatment rendered to the Plaintiff, Veronica Y. McCall-Scovens, between January 2012  and February 2013 by the above-named Defendants all located in the State of Maryland.

3.      The Plaintiff  has fully complied with the provisions of the Act in providing timely notice of their administrative tort claims to the appropriate government agency, the United States Department of Veterans Affairs ("the Department"), by way of correspondence dated November 18, 2014; and on June 3, 2015, the Department responded with written notice of their denial of Plaintiff's administrative tort claims.  See Plaintiff's **Exhibit 1**.  The Act provides that a tort claim

that is administratively denied may be presented to the appropriate federal district court for judicial consideration, within six (6) months from the date of mailing of the Department's final determination and, therefore, this Court has exclusive jurisdiction pursuant to the Act.

## PARTIES

4.      The Plaintiff, Veronica Y. McCall-Scovens, is an adult individual, and a citizen of the State of Maryland, who resides at 6624 Vincent Lane, Apt. 302, Baltimore, Maryland 21215.

5.      The Defendant Christina Marie Boyd, M.D., is an adult individual, and a citizen of the State of Maryland, with a professional address at 22 South Greene Street, Baltimore, Maryland 21201.  At all times relevant hereto, the Defendant Boyd was a duly authorized agent, servant, and/or employee of the Defendants VA Maryland Health Care System/Baltimore VA Medical Center, and The United States of America, and acting within the scope of her employment.

6.       The Defendant May Hsieh Blanchard, M.D., is an adult individual, and a citizen of the State of Maryland, with a professional address at 22 South Greene Street, Baltimore, Maryland 21201.  At all times relevant hereto, the Defendant Blanchard was a duly authorized agent, servant, and/or employee of the Defendants VA Maryland Health Care System/Baltimore VA Medical Center,  and  The United States of America, and acting within the scope of her employment.

7.      The Defendant Monique Elizabeth Spencer, M.D., is an adult individual, and a citizen of the State of Maryland, with a professional address at  560 Riverside Drive, Suite A-204, Salisbury, Maryland 21804.  At all times relevant hereto, the Defendant Spencer was a duly authorized agent, servant, and/or employee of the Defendants VA Maryland Health Care System/Baltimore VA Medical Center, and  The United States of America, and acting within the scope of her employment.

8.      The Defendant Vadim V. Morozov, M.D.,  is an adult individual, and a citizen of the State of Maryland, with a professional address at 22 South Greene Street, Suite 290, Baltimore,

Maryland 21201.  At all times relevant hereto, the Defendant Morozov was a duly authorized agent, servant, and/or employee  of the Defendants VA Maryland Health Care System/Baltimore VA Medical Center, and  The United States of America, and acting within the scope of his employment.

9.      The Defendant Lindsay Faith Appel, M.D., is an adult individual, and a citizen of the State of Maryland, with a professional address at 22 South Greene Street, Baltimore, Suite 290, Baltimore, Maryland 21201.  At all times relevant hereto, the Defendant Appel was a duly authorized agent, servant, and/or employee of the Defendants VA Maryland Health Care System/Baltimore VA Medical Center and The United States of America, and acting within the scope of her employment.

10.     The Defendant VA Maryland Health Care System/Baltimore VA Medical Center, is a governmental entity with its principal place of business located at 10 N. Greene Street, Baltimore, Maryland 21201.   At all times relevant hereto, the Defendant VA Maryland Health Care System/Baltimore VA Medical Center was engaged in the practice of health care, and the employer of the Defendants Boyd, Blanchard, Spencer, Morozov, and Appel.

11.     Pursuant to the Act, the Defendant United States of America is a named party due to allegations of negligent and/or wrongful acts and/or omissions of employees of the government (VA Medical Center), while acting within the scope of their respective employment, as set forth in 28 U.S.C. §2675(a).  At all relevant times hereto, the Defendant United States of America was the employer of the Defendants Boyd, Blanchard, Spencer, Morozov and Appel.

## COUNT I

12.     COMES NOW the Plaintiff, Veronica Y. McCall-Scovens, by and through her attorney, Louis G. Close, III, and sues the Defendants Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., Lindsay Faith

Appel, M.D., VA Maryland Health Care System/Baltimore VA Medical Center, and The United States of America, and states as follows:

13.     At all times relevant hereto, Defendants, Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., and Lindsay Faith Appel, M.D. represented  to the Plaintiff and to the public that they possessed the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners practicing under the same or similar circumstances as those involving the Plaintiff.

14.     The Plaintiffs allege that the Defendants  Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., and Lindsay Faith Appel, M.D. owed to the Plaintiff the duty to exercise a degree of skill, care and judgment expected of a competent health care provider acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions, without inflicting injury upon the Plaintiff, continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which these Defendants failed to do.

15.     The Defendants  Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., and Lindsay Faith Appel, M.D. were negligent in that they failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the

Plaintiff 's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to properly diagnose the Plaintiff's condition, and were otherwise negligent.

16.    The Plaintiff alleges that the Defendant, VA Maryland Health Care System/Baltimore VA Medical Center (hereinafter referred to as "Baltimore VA Medical Center"), through its agents, servants and/or employees, owed to the Plaintiff a duty to exercise a degree of skill, care and judgment expected of a competent medical corporation  acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions, without inflicting injury upon the Plaintiff continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

17.    The Defendant, Baltimore VA Medical Center, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff 's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the Plaintiff's condition, and was otherwise negligent.

18.    The Plaintiffs allege that the Defendant, The United States of America, through its agents, servants and/or employees, owed to the Plaintiff a duty to exercise a degree of skill, care and

judgment expected of a competent health care provider acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions, without inflicting injury upon the Plaintiff continuous evaluation of the Plaintiff's condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

19.     The Defendant, The United States of America, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiff's condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiff 's condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiff's condition, failed to diagnose the Plaintiff's condition, and was otherwise negligent.

20.     At all times referred to herein, the named Defendant Christina Marie Boyd, M.D., acted individually and as the duly authorized agent, servant and/or employee of the Defendants Baltimore VA Medical Center and The United States of America and within the scope of her employment.

21.     At all times referred to herein, the named Defendant May Hsieh Blanchard, M.D., acted individually and as the duly authorized agent, servant and/or employee of the Defendants Baltimore VA Medical Center and The United States of America and within the scope of her employment.

22.     At all times referred to herein, the named Defendant Monique Elizabeth Spencer, M.D., acted individually and as the duly authorized agent, servant and/or employee of the Defendants Baltimore VA Medical Center and The United States of America and within the scope of her employment.

23.     At all times referred to herein, the named Defendant Vadim V. Morozov, M.D., acted individually and as the duly authorized agent, servant and/or employee of the Defendants Baltimore VA Medical Center and The United States of America and within the scope of his employment.

24.     At all times referred to herein, the named Defendant Lindsay Faith Appel,  M.D., acted individually and as the duly authorized agent, servant and/or employee of the Defendants Baltimore VA Medical Center and The United States of America and within the scope of her employment.

25.     In October of 2010, the Plaintiff Veronica Y. McCall-Scovens was a 52-year-old woman with a familial history of cancer, who presented to the Defendant Veterans Administration ("VA") Medical Center in Baltimore, Maryland with complaints of irregular menstrual periods.  On October 26, 2010, a diagnostic pelvic ultrasound identified a concerning right ovarian cyst.  Follow-up sonography performed in December 2010, May 2011 and August 2011 revealed persistent growth and evolution of this right ovarian cystic mass.

26.     In December of 2011, the Plaintiff returned to the Defendant VA Medical Center for a follow-up pelvic ultrasound. This diagnostic study identified an expanding right ovary measuring 3.8 x 3.1 x 3.8 cm; a cystic lesion at the margin of the right ovary that had increased in size, now measuring 2.8 x 2.6 x 3.8 cm (previously 1.4 x 1.8 x 2.8 cm in October 2010 and 1.7 x 1.6 x 1.9 cm in August 2011); a new 11 mm mural nodule demonstrating internal vascularity at the margin of the cystic lesion; and a newly developed right hydrosalpinx.  It was further noted that the above findings

were suspicious for an ovarian/adnexal neoplasm with clinical evaluation for possible surgical resection recommended.

27.     Shortly thereafter, in January 2012, the Plaintiff was seen by Defendant Christina Boyd, M.D. As of this time, in light of the Plaintiff's history, clinical signs and symptoms, and sonographic findings, the Defendant Boyd knew or should have known that the Plaintiff's adnexal mass was suspicious for malignancy. The applicable standards of care required that a laparotomy be performed and the suspicious mass surgically removed, as of this time.  It is asserted that had the Defendant Boyd complied with the standards of care and such surgical treatment provided, the Plaintiff's ovarian cancer would have been diagnosed at an early stage and treated, such that the Plaintiff would have enjoyed an overwhelming chance of long-term, cancer-free cure.  Unfortunately, the Plaintiff's cancer was negligently permitted to remain, grow and spread, without timely diagnosis and treatment.

28.     In February 2012, the Defendant May Blanchard, M.D. was made aware of the December 2011 ultrasound.  As of this time, in light of the Plaintiff's history, clinical signs and symptoms, and sonographic findings, the Defendant Blanchard knew or should have known that the Plaintiff's adnexal mass was suspicious for malignancy. The applicable standards of care required that a laparotomy be performed and the suspicious mass removed.  It is asserted that had the Defendant Blanchard complied with the standards of care and surgical treatment provided, the Plaintiff's ovarian cancer would have been diagnosed at an early stage and treated, such that the Plaintiff would have enjoyed an overwhelming chance of long-term, cancer-free cure.  Unfortunately, the Plaintiff's cancer was negligently permitted to remain, grow and spread, without timely diagnosis and treatment.

29.     The Plaintiff returned to the Defendant VA Medical Center in February, 2012 where a

pelvic ultrasound again identified an enlarged right ovary now measuring 5.7 x 6.0 x 3.8 cm; a persistent right ovarian cystic mass; and a prominent tubular structure in the right adnexal region extending to the right ovary.  As of this time, the Plaintiff came under the care of the Defendants Monique Spencer, M.D. and Vadim Morozov, M.D.  Both of these Defendants negligently failed to recommend and perform a laparotomy for removal of the suspicious mass, as the standards of care required.  As the result, the Plaintiff's ovarian cancer continued to remain and grow, without proper diagnosis and treatment.

30.     In April 2012, the Plaintiff underwent laboratory testing, including a CA-125 tumor marker study.  This CA-125 study, commonly utilized by health care providers to evaluate a patient's risk for ovarian cancer, was determined to be elevated and abnormal, with a value of 49 u/ml.  In May 2012, the Plaintiff was seen by the Defendant Lindsay Appel, M.D. Given the Plaintiff's history, as well as her clinical, diagnostic imaging and laboratory findings as of this time, the standards of care required the Defendants Appel and Morozov to recommend and perform a laparotomy for removal of the suspicious mass, and diagnose and treat the Plaintiff's ovarian cancer as of that time.  Unfortunately, Defendants Appel and Morozov in violation of the standards of care, failed to do so; as the result, the Plaintiff's ovarian cancer continued to remain and grow, without proper diagnosis and treatment.

31.     In June 2012, the Plaintiff presented to the Defendant VA Medical Center with the sudden onset of 10/10 lower abdominal pain.  A CAT scan of the Plaintiff's abdomen and pelvis identified thickening of the sigmoid colon, a 5 x 9 cm structure in the right adnexal region with soft tissue and cystic components, and free fluid in the pelvis.  Unfortunately, in violation of the standards of care, the Defendants Lindsay Appel, M.D. and Vadim Morozov, M.D. as of this time, again failed to recommend and perform a laparotomy for removal of the suspicious mass.  As the

result, the Plaintiff's ovarian cancer continued to remain and grow, without proper diagnosis and treatment.

32.     On January 18, 2013, the Plaintiff underwent additional repeat diagnostic evaluation of her pelvic region, after which, it was noted that the previously identified right adnexal mass had significantly increased in size and now measured 6.4 x 5.7 x 5.8 cm.  Findings also included a large complex cystic tubular structure along the margin of the right adnexal mass measuring 9.7 x 2.6 x 5.1 cm.  A repeat CA-125 test conducted at this time was again determined to be abnormal, and significantly elevated, with a value of 115 u/ml. At this time, for the first time, the Defendant Morozov finally and belatedly, referred the Plaintiff to a gyn oncologist for surgical removal of the suspicious masses seen on ultrasound.

33.     On February 20, 2013, the Plaintiff Veronica McCall-Scovens finally and belatedly was recommended for and underwent surgical intervention to diagnose and treat her cancerous condition.  Unfortunately, due to the breaches in the standards of care, as outlined above, and the resulting delay in diagnosing and treating the Plaintiff's condition, the cancer was allowed to grow, spread and metastasize to other areas of the Plaintiff's body, such that she required extensive surgical intervention, including an  open total abdominal hysterectomy; bilateral salpingo-oophorectomy; pelvic and periaortic lymph node dissection; omentectomy; small bowel resection with side-to-side anastomosis; rectosigmoid resection with end-to-end anastomosis; appendectomy; and tumor debulking.  The pathological tissue diagnosis at this time confirmed, for the first time, the presence of cancer.  The primary tumor was identified as a high-grade serous carcinoma with the presence of invasive tumor implantation involving the right fallopian tube, peritoneum, small intestine, sigmoid/rectum and periappendiceal tissue - - indicating that the Plaintiff now had Stage IIIC serous carcinoma.  At this time, the Plaintiff Veronica McCall-Scovens' cancer was at an advanced stage,

and as a result, she now has a very poor prognosis.

34.     Postoperatively to the February 20, 2013 surgery, the Plaintiff developed several complications including an anastomotic leak which required numerous repair efforts including an exploratory laparotomy on March 4, 2013, abdominal washout procedures on March 6th, 8th, 11th, 15th, 19th, 22nd, and April 3rd, ostomy placement, and staged closure of the Plaintiff's abdominal wound.  Further, on April 6, 2013, the Plaintiff required transfer to the University of Maryland Medical Center for additional treatment and care, including additional surgical repair efforts, medical management and wound care.

35.     It is asserted that had the standards of care been complied with by the Defendants Christina Boyd, M.D., May Blanchard, M.D., Monique Spencer, M.D., Vadim Morozov, M.D. and Lindsay Appel, M.D., the Plaintiff's ovarian cancer would have been diagnosed at Stage I, and treatment provided, such that the Plaintiff would have enjoyed an overwhelming chance of long-term cancer-free cure; and that because of the breaches in the standard of care as outlined above, the Plaintiff's cancer was negligently allowed to grow, and metastasize without treatment, such that the Plaintiff now has a very poor prognosis (less than 30 percent chance of five-year survival).  In addition, had the diagnosis been made in accordance with the standards of care by any of these Defendants, and timely and appropriate treatment provided, the Plaintiff would not have been required to undergo, among other things, the extensive surgery of February 13th, including bowel resection, and would not have suffered the negative sequelae that resulted therefrom.

36.     As a direct and proximate result of the negligence of these Defendants, including duly authorized agents, servants and/or employees thereof, the Plaintiff has gone from an overwhelming chance of cure, to a terminal prognosis.  She has in the past, is presently, and will in the future continue to suffer unending physical pain, emotional anguish, fear and anxiety over her condition.

She has lost her former state of physical and mental well-being; is unable to engage in activities she previously enjoyed, and has essentially had the entire quality of her life destroyed through the negligence of the Defendants.

37.    Additionally, it is alleged that the Plaintiff has in the past, is presently, and will in the future, continue to incur medical, hospital, surgical, pharmacological, nursing, custodial and other losses and expenses, for which claim is made.

38.    Had the Defendants complied with the applicable standards of care as required, the Plaintiff had an overwhelming chance of cure, and would have resumed all of her normal activities and enjoyed a normal lifespan.  However, due to the negligence of these Defendants, the Plaintiff now suffers with the certainty of a tragic, painful and untimely death.

39.    The Plaintiff refers to the negligence of the Defendant and its agents, servants and employees, as the sole and proximate cause of all of the injuries and damages sustained - -  with the Plaintiff being in no way contributorily negligent.

WHEREFORE, this claim is brought, and the Plaintiff, Veronica Y. McCall-Scovens, demands Judgment against the Defendants, Christina Marie Boyd, M.D., May Hsieh Blanchard, M.D., Monique Elizabeth Spencer, M.D., Vadim V. Morozov, M.D., Lindsay Faith Appel, M.D., VA Maryland Health Care System/Baltimore VA Medical Center and The United States of America, in the amount of  Twenty Million Dollars ($20,000,000.00), plus interest, costs of suit and for such other and further relief as the Court may deem proper.

Respectfully submitted,

*/s/ **Louis G. Close, III***
_____
Louis G. Close, III
403 Central Avenue
Towson, Maryland  21204
Federal Bar No. 23209
Phone:  (410) 296-3606
Fax:  (410) 296-0080
E-mail:  lclose@lgclaw.net
*Attorney for Plaintiff*

15