IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA Y. MCCALL-SCOVENS,

*Plaintiff*,

v.

Civil Action No. ELH-15-3433

MAY HSIEH BLANCHARD, *et. al*,

*Defendants*.

## MEMORANDUM OPINION

Veronica Y. McCall-Scovens, plaintiff, filed a medical malpractice action against the United States; May Hsieh Blanchard, M.D.; and Vadim V. Morozov, M.D., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.*  ECF 1 (Complaint).  The suit is based on the medical care that plaintiff received from several physicians at the Baltimore Veterans Affairs Medical Center ("V.A.").  ECF 1 ¶¶ 6, 8.[1]

The United States (the "Government") filed an Answer to the Complaint on January 21, 2016.  ECF 15.  Blanchard and Morozov (collectively, "Physician Defendants") submitted answers to the Complaint on February 15, 2016.  ECF 19 (Blanchard); ECF 20 (Morozov).  Among other things, the Physician Defendants deny plaintiff's claims (ECF 1, ¶¶ 6, 8) that they

---

[1] Initially, plaintiff also named as defendants Christina Marie Boyd, M.D.; Monique Elizabeth Spencer, M.D.; Lindsay Faith Appel, M.D.; and the VA Maryland Health Care System/Baltimore VA Medical Center.  ECF 1.  By Order of January 1, 2016 (ECF 14), I granted the Consent Motion (ECF 11) to substitute the United States for Dr. Boyd, Dr. Spencer, and Dr. Appel.  Therefore, all claims against Dr. Boyd, Dr. Spencer, Dr. Appel, and the VA Maryland Health Care System/Baltimore VA Medical Center have been dismissed.  ECF 14.

were acting as agents or employees of the V.A.  *See* ECF 19, ¶ 10; ECF 20, ¶ 10.[2]  All defendants reserved the right to amend their answers to assert additional affirmative defenses. *See* ECF 15 at 10; ECF 19 at 7; ECF 20 at 7.

Pursuant to the Scheduling Order of March 22, 2016 (ECF 29), the Court set a deadline of April 22, 2016, for motions to amend pleadings.  *Id.*  Consistent with the Scheduling Order, on April 22, 2016, the Government filed a Motion for Leave to File an Amended Answer to the Complaint.  ECF 35 ("Government Motion").  The proposed Amended Answer (ECF 35-1), and the Amended Answer, with additions in bold (ECF 35-2), are attached to the Motion.  Similarly, on the same date, the Physician Defendants submitted a Motion for Leave to File an Amended Answer to the Complaint.  ECF 36 ("Physician Motion").  Their proposed amended answers are attached (ECF 36-1; ECF 36-2), along with the amendments, in bold (ECF 36-3; ECF 36-4).  Defendants seek leave to amend their answers (collectively, "Motions to Amend") to add the affirmative defense of statute of limitations. *See* ECF 35, ¶ 4; ECF 36 ¶ 4.

Plaintiff opposes the Motions to Amend, asserting waiver.   ECF 42 ("Opposition"). Defendants have replied.  ECF 42 ("Physician Reply"); ECF 43 ("Government Reply").[3]

No hearing is necessary to resolve the Motions to Amend.  *See* Local Rule 105.6.  For the reasons stated below, I shall grant the Motions to Amend.

---

[2] In light of ECF 11, the parties have not explained why suit against the Physician Defendants is predicated on the FTCA, even though the Physician Defendants apparently were not agents or employees of the Government at the relevant time.

[3] Defendants failed to comply with Local Rule 105.1, which requires: "Any motion and opposition to a motion shall be filed with the Clerk and be accompanied by a memorandum setting forth the reasoning and authorities in support of it." Each defendant failed to submit a memorandum supporting the respective Motions to Amend. However, in their replies, the defendants have provided reasoning and authorities in support of the Motions to Amend.

# I.        Factual and Procedural Background[4]

In October 2010, McCall-Scovens presented to the V.A. with complaints of irregular menstrual periods and a family history of cancer.  ECF 1, ¶ 25.  Pelvic ultrasounds in late 2010 and 2011 revealed persistent growth of a right ovarian cystic mass.  *Id.*  In December 2011, a pelvic ultrasound revealed findings that "were suspicious for an ovarian/adnexal neoplasm with clinical evaluation for possible surgical resection recommended." *Id.* ¶ 26.  McCall-Scovens contends that as of January 2012, her doctors should have known that her adnexal mass was suspicious for malignancy and should have surgically removed it.  *Id.*  ¶¶ 27-31.  According to McCall-Scovens, her physicians did not recommend surgical removal until January 18, 2013, after testing revealed that "the previously identified right adnexal mass had significantly increased in size." *Id.* ¶ 32.

In the interim, in April 2012, "the Plaintiff underwent laboratory testing, including a CA-125 tumor marker study. This CA-125 study, commonly utilized by health care providers to evaluate a patient's risk for ovarian cancer, was determined to be elevated and abnormal, with a value of 49 u/ml." *Id.* ¶ 30.  In June 2012, after "the Plaintiff presented to the Defendant VA Medical Center with the sudden onset of 10/10 lower abdominal pain[,]" a "CAT scan of the Plaintiff's abdomen and pelvis identified thickening of the sigmoid colon, a 5 x 9 cm structure in the right adnexal region with soft tissue and cystic components, and free fluid in the pelvis." *Id.* ¶ 31.

McCall-Scovens underwent "extensive surgical intervention" on February 20, 2013. *Id.* ¶ 33.  She was diagnosed with "stage IIIC serous carcinoma." *Id.*

---

[4] The factual allegations are derived from the Complaint.

McCall-Scovens filed this suit on November 10, 2015.  *See* Docket. She alleges that defendants "breached the standards of care in treatment of the Plaintiff Veronica McCall-Skovens [sic], resulting in a negligent delay in diagnosing her ovarian cancer, and causing injuries and damages, including a late-stage cancer diagnosis and terminal prognosis…."  ECF 41, ¶ 1.[5]

The Court issued a Scheduling Order on March 22, 2016 (ECF 29), which set a discovery deadline of September 15, 2016.  *Id.*  According to defendants, plaintiff's counsel "insisted on a shortened scheduling order due to [his] client's illness and health status."  ECF 44-2 at 2.  At the time, plaintiff's attorney advised that he was prepared to move quickly on [his] end in arranging depositions and responding to discovery."  *Id.*

On July 7, 2016, defendants submitted a detailed Motion to Modify the Scheduling Order, claiming plaintiff had delayed discovery.  ECF 44. By Order of July 5, 2016, I granted defendants' motion.  ECF 45.  Defendants' Rule 26(a)(2) disclosure deadline was extended to October 1, 2016, and the discovery deadline was extended to December 15, 2016.  *Id.*  Dispositive pretrial motions are due on January 17, 2016.  *Id.*

Additional facts will be included in the Discussion.

---

[5] Plaintiff claims that, by correspondence of November 18, 2014, she has "fully complied with the provisions of [28 U.S.C. § 2401(b)] in providing timely notice of [the] administrative tort claims to the appropriate government agency, the United States Department of Veterans Affairs . . . ."  ECF 1, ¶ 3.  On June 3, 2015, the Government denied plaintiff's tort claims.  *Id.*; *see also* ECF 1-1.  Plaintiff also alleges that she has satisfied "state procedural requirements for medical negligence claims by timely and properly filing her Complaint, Certificate of Merit and Case accompanying Report in the Health Care Alternative Dispute Resolution Office ('HCADRO'), and electing unilateral waiver from the Maryland MCADRO to this Honorable Court."  ECF 41, ¶ 2.

## II.      Discussion

## A.

The Government and the Physician Defendants seek to amend their respective answers to add the defense of statute of limitations, claiming that amendment is "in the interest of justice." ECF 35, Government Motion, ¶ 5; ECF 36, Physician Motion, ¶ 7.  The Government filed its motion by the date established in the Scheduling Order, which was about three months after it filed its initial Answer.  The Physician Defendants also timely filed their motion, a little over two months after they filed their initial answers.  *See* Docket.

In her Opposition (ECF 41), McCall-Scovens maintains that, pursuant to Federal Rule of Civil Procedure 8(c), defendants have waived the right to assert the affirmative defense of limitations.  *Id.*, ¶¶ 7, 8.  In addition, she complains about defendants' delay in filing their amended answers and states, *id.* ¶ 6:

> In each of their respective Answers to Plaintiff's complaint, all of the Defendants raised numerous affirmative defenses, including, but not limited to, assumption of the risk; contributory negligence; and estoppel. None of the Defendants elected to plead the affirmative defense of statute of limitations. Now, more than three months later, these Defendants seek leave of this Court to amend their Answers and be permitted to plead and assert the affirmative defense of statute of limitations.

Defendants have not explained why the defense of limitations was omitted from their original answers or what information was discovered, and when, which led them to seek to amend.  They seem to suggest that they acquired information in discovery, when "Plaintiff's counsel [ ] provided the Defendants with a limited set of the Plaintiff's medical records which date back to October 2010."  ECF 42, Physician Reply, ¶ 10.   But, defendants were alerted to this same information by the Complaint.  *See* ECF 1, ¶ 21 ("In October of 2010, the Plaintiff… presented to the Defendant Veterans Administration ('VA') Medical Center in Baltimore, Maryland with complaints of irregular menstrual periods.").

In any event, defendants contend that plaintiff has not presented any allegations of prejudice, bad faith, or futility.  ECF 42, Physician Reply, ¶ 7; ECF 43, Government Reply, at 1. The Physician Defendants also claim that they "moved promptly upon learning that the defense of statute of limitations had been omitted from their Answers."  ECF 42, Physician Reply, ¶ 9.

Fed. R. Civ. P. 8(c)(1) provides that, in responding to a pleading, "a party must affirmatively state any . . . affirmative defense, including . . . statute of limitations. . . ."  *See also* Fed. R. Civ. P. 12(b) (stating that a defense to a claim must be asserted in the responsive pleading).  "[T]he purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993) (citing *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).  But, Rule 8(c), does not address the consequence of failure to do so.  In contrast, Rule 12(h)(1) provides that a party waives the defenses set forth in Rule 12(b)(2)-(5) if they are not included in a responsive pleading or a motion.  Notably, the defense of limitations is not included in Rule 12(b)(2)-(5).

"Where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived."  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653–54 (4th Cir. 2006); *see also id.* at 657 (concluding that the "district court should have refrained from raising and considering the statute of limitations defense *sua sponte*."); *see also Goyal v. Thermage, Inc.*, WDQ-08-0020, 2010 WL 2651185, at *2 (D. Md. July 1, 2010) ("Generally, a defendant waives the statute of limitations by failing to raise that defense in its answer or a pre-answer motion.").  However, in the Fourth Circuit "it is well established that an affirmative defense is not waived absent unfair surprise or prejudice." *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 205 n. 3 (4th Cir. 2004); *see also Brinkley v. Harbour*

*Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) ("[T]here is ample authority in this Circuit for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion."), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1164 (4th Cir. 1985).

Notably, "if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir.1989) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir.1988)). Moreover, "[t]o avoid the inequitable results of a waiver, a court may interpret defendant's responses liberally, may permit an affirmative defense when its existence is made apparent by a party's proof, and may permit amendments to the pleadings under Rule 15, F. R. Civ. P." *Tenax Corp. v. Tensar Corp.*, H-89-424, 1990 WL 152565, at *7 (D. Md. May 31, 1990) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 588 F. Supp. 902, 906 (D. Md. 1984)).

The Motions to Amend implicate Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court...." *Foman*, 371 U.S. at 182; *see also Booth v. Maryland*, 337 Fed. App'x 301, 312 (4th Cir. 2009) (per curiam). Indeed, *Foman*, 371 U.S. at 182, "mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive...repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party...futility of amendment, etc.'" *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *see Booth*, 337 Fed. App'x at 312.

## B.  Undue Delay

Defendants' delay in seeking to amend was hardly lengthy.  Moreover, they filed the Motions to Amend in accordance with the deadline set forth in the Scheduling Order.

"Delay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."); *Brightwell v. Hershberger*, DKC-11-3278, 2015 WL 5315757, at *3 (D. Md. Sept. 10, 2015) ("Delay, however, 'cannot block an amendment which does not prejudice the opposing party.'") (quoting *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir.1990)).  "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 F.3d at 242 (citation omitted); *see Simmons, LLC*, 634 F.3d at 769; *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).  These principles apply to attempts to amend to include the affirmative defense of statute of limitations.  *See Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir. 1977) (finding "no clear error in the district court's allowance of defendants' motion to amend their answer to assert the applicable statute of limitations").

In cases where defendants did not move to amend on the eve of trial or after the close of discovery, courts generally allow such motions.  *See, e.g., Jackson v. Rockford Hous. Auth.*, 213

F.3d 389, 393 (7th Cir. 2000) (concluding that district court did not abuse its discretion by permitting defendant to amend the answer to include defense of limitations when "no trial date had been set. The case was still in the formative stages."); *Zoll v. Jordache Enters. Inc.*, 01-CIV.-1339(CSH), 2002 WL 485733, at *2 (S.D.N.Y. Mar. 29, 2002) (granting defendant's motion to amend its answer to assert limitations when no trial date had been set but discovery was closed); *In re Allen Petroleum Co., Inc.*, 99-80357-W, 2000 WL 33710882, at *3, *4 (Bankr. D.S.C. Aug. 17, 2000) (permitting amendment before close of discovery, to include statute of limitations defense, pursuant to Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015).

For example, in *Brightwell*, DKC-11-3278, 2015 WL 5315757, the "Defendants' only justification for the delay [was] that, following the retirement of an attorney handling the case, current defense counsel 'noticed that important colorable defenses had not been plead.'" *Id.* at *3 (citation omitted).  Moreover, "[a]t the time the amended answer was filed, extensive discovery had been completed, but there was still approximately four weeks of discovery remaining . . . ." *Id.* at *3. Although Judge Chasanow did not find "a compelling reason for delaying the inclusion of basic affirmative defenses by eighteen months", she permitted amendment to include the defense of limitations because of the absence of prejudice.  *Id.*

Similarly, in *Mulvey Construction, Inc. v. Bituminous Casualty Corp.*, 1:07-0634, 2011 WL 1231603, at *2 (S.D.W. Va. Mar. 30, 2011), the court permitted amendment to include the defense of limitations, even though the court was "not especially persuaded by [the defendant's] assertion that it raised its statute of limitations defense at the earliest possible time."  *Id.*  The court said, *id.* at *3: "While the court cannot say that [the defendant] has necessarily shown good cause for the delay in seeking to amend its answer, in the absence of any prejudice to plaintiffs

the court finds that [the defendant] should be given leave to amend their answer to assert the statute of limitations."

On the other hand, some courts have not allowed belated motions to amend.  To illustrate, in *Jones Engineering Sales, Inc. v. Faulkner/Baker & Associates, Inc.*, 199 F.3d 1327, 1999 WL 972171 (4th Cir. October 26, 1999) (per curiam) (unpublished table decision), the Fourth Circuit concluded that "the district court did not abuse its discretion in denying [the] motion to amend" to assert limitations, when the motion was raised "[a]fter the passage of almost one year, and just two months before the scheduled trial date." *Id.* at *3.  Similarly, in *Simmons v. Justice*, 196 F.R.D. 296, 297 (W.D.N.C. 2000), the court denied leave to amend the answer to assert the defense of statute of limitations because "'undue delay' [was] apparent: the moving defendants waited nearly five months, until discovery closed and the last day for filing dispositive motions, to seek leave to add substantive defenses to their complaint." *Id.* at 297; s*ee also Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) (concluding "that the defendants did waive their statute of limitations defense in this case," when "the first and only mention of the statute of limitations came in their reply memorandum in support of the motion for summary judgment, submitted a year after the case was filed… At that juncture, the parties had largely completed an exhaustive discovery process, and the scheduled trial date was only a month away.").

Here, as noted, defendants moved to amend within two to three months of filing their original answers.  Discovery is in progress and no trial date has been set.  The delay was not undue.

### C. Prejudice

"Perhaps the most important factor listed by the [Supreme] Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (2004 & 2015 Supp.) ("Wright & Miller"), § 1487 at 701 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *United States v. Hougham*, 364 U.S. 310 (1960)). The burden of showing prejudice falls on "the party opposing amendment. *Atl. Bulk Carrier Corp. v. Milan Exp. Co.*, 3:10-cv-103, 2010 WL 2929612, *4 (E.D. Va. July 23, 2010). "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed." Wright & Miller, § 1487 at 701. Conversely, "if the court is persuaded that no prejudice will accrue, the amendment should be allowed." *Id.*

"[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). In contrast, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harvey*, 438 F.3d at 427. In *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439 (4th Cir. 2011), the Court said: "'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing....[T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant....'" (quoting *Laber*, 438 F.3d at 427) (alteration in *Newport News Holdings Corp.*).

Notably, "[t]he fact that plaintiffs' claims 'may be determined to be barred by the statute of limitations does not amount to prejudice sufficient to defeat an amendment.'" *Mulvey Const., Inc.*, *supra*, 1:07-0634, 2011 WL 1231603, at *2 (quoting *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, 4:05-CV-0033, 2006 WL 1289545, *3 (M.D. Pa. May 9, 2006)); *see also Long v. Wilson*, 393 F.3d 390, 399 (3d Cir. 2004) ("The frustrated expectation of not having an untimely habeas petition heard on the merits does not establish prejudice sufficient to defeat an amendment to an answer."); *Lynam v. Foot First Podiatry Ctrs., P.C.*, 919 F. Supp. 1141, 1149 n. 7 (N.D. Ill. 1996) (explaining that because plaintiff will be foreclosed from pursuing her claim if defendant is allowed to amend to assert limitations "is not the type of prejudice that is considered by the court in making its determination" as to whether to grant leave to amend). "Nor is the time, effort, and money that the plaintiff expended in litigating their case to this point substantial prejudice." *Nat'l Recovery Agency, Inc.*, 4:05-CV-0033, 2006 WL 1289545, at *3 (citation omitted); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2nd Cir.1993) (concluding that district court did not abuse its discretion in granting defendants leave to amend their answer to raise limitations defense and concluding that the time, effort, and money expended by the plaintiffs in litigating the case did not arise to substantial prejudice).

As defendants point out, plaintiff has not identified any potential prejudice from the proposed amendments.  ECF 42, Physician Reply, ¶ 8; ECF 43, Government Reply, at 2.  When defendants submitted the Motions to Amend on April 22, 2016, there were nearly four months of discovery remaining until the initial deadline of September 15, 2016.  Plaintiff has been on notice since that date of the proposed defense.  And, the discovery deadline was extended until December 15, 2016.

Furthermore, the limitations defense will not significantly affect the scope of discovery or the attendant costs. *See Mulvey Const., Inc.*, 1:07-0634, 2011 WL 1231603, at *2 ("As a preliminary matter, the court cannot see how [the defendants'] assertion of a statute of limitations defense would necessitate the need for additional discovery. The information that would be needed to refute the defense would appear to be the same evidence that plaintiffs would need to pursue their claims against [defendants]."); *see also Brightwell*, DKC 11-3278, 2015 WL 5315757, at *3 ("Plaintiff has not specifically asserted, and it is not readily apparent, why additional discovery would be required in response to Defendants' *additional* affirmative defenses", including the defense of limitations.) (Emphasis in original).[6]

This is not a situation in which defendants seek "to add wholly new counterclaims" that will require "'substantial new discovery' and 'significantly change[] the nature of the litigation.'" *Brightwell*, DKC-11-3278, 2015 WL 5315757, at *4 (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 940 (4th Cir. 1995)); *see also Newport News Holdings Corp.,* 650 F.3d at 440 ("The fact that allowing the counterclaim would probably have necessitated additional discovery supports our conclusion that the district court's finding of

---

[6] At least some of the delay in the progress of the case appears to have been occasioned by plaintiff.  As noted, on July 7, 2016, defendants jointly submitted a Motion to Modify the Scheduling Order, claiming plaintiff had delayed discovery.  ECF 44.  In particular, doctors Blanchard and Morozov stated that they "propounded Interrogatories and Requests for Production on Plaintiff on April 28, 2016, rendering Plaintiff's answers and responses due on May 31, 2016." *Id.* ¶ 6.  Yet, plaintiff failed to respond even after she was twice notified that her responses were overdue. *Id*; *see also* ECF 44-1 (correspondence of June 1, 2016, with plaintiff's counsel); ECF 44-2 (June 10, 2016 correspondence with plaintiff's counsel). In addition, the Government maintained that it "propounded Interrogatories and Requests for Production on Plaintiff on May 3, 2016, rendering Plaintiff's answers and responses due on June 6, 2016." ECF 44, ¶ 7.  It also notified plaintiff's attorney on two occasions that plaintiff's responses were overdue, *id.*; *see also* 44-3 (emails from Government to plaintiff's counsel dated June 7, 2016 and June 15, 2016).  Further, defendants maintained that plaintiff's counsel was not cooperative in scheduling depositions.  *Id.* ¶ 11; *see also* ECF 44-5 (April 22, 2016 correspondence with plaintiff's counsel); ECF 44-1 (June 1, 2016 correspondence with plaintiff's counsel).

prejudice was not an abuse of discretion" when the counterclaim was "filed at the 'eleventh hour before the then-scheduled trial date[.]'") (citation omitted).

Dispositive pretrial motions are not due until January 17, 2016.  No trial date has been set and plaintiff has ample time to address the affirmative defense in discovery, which has not yet concluded.  At this stage in the litigation, permitting defendants to amend their answers to include an additional affirmative defense will not prejudice plaintiff.

### D.  Bad faith

If a court "determines that the amendment was asserted in bad faith...the court may not allow the amendment...." 6 Wright & Miller § 1487 at 748-55. "The court also may consider the good faith of the party seeking the amendment." *Id.* § 1487 at 748-49.  A good faith amendment must advance a colorable legal argument. *See Laber*, 438 F.3d at 428 ("[T]here is no indication that Laber's omission from his original complaint of the legal theory he now seeks to pursue was in bad faith...."); *see also Peamon v. Verizon Corp.*, 581 Fed. App'x. 291, 292 (4th Cir. 2014) (per curiam) ("Because it is clear that, in seeking to amend his complaint, Peamon merely sought to artificially inflate his damages in order to obtain subject matter jurisdiction, we conclude that Peamon's motion to amend was filed in bad faith....").

In addition, "the further the case progresse[s] before judgment [is] entered, the more likely it is that...a court will find bad faith...." *Laber*, 438 F.3d at 427; *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) ("[T]here was no showing of purposeful dilatoriness or bad faith by the plaintiffs in the short delay in filing their motion to amend after they became apprised of the possible claim"); 6 Wright & Miller § 1487 at 755 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment.").

14

The plaintiffs have not asserted bad faith on the part of the defendants, nor does the record reflect bath faith.  It appears that defense counsel inadvertently omitted the defense of limitations and they now seek to include it.

### E.  Futility

The Physician Defendants maintain that "[t]he inclusion of statute of limitations as an affirmative defense is not futile – it is a relevant and potentially dispositive affirmative defense." ECF 42 at 4.  They explain, *id.*:

> Plaintiff's counsel has provided the Defendants with a limited set of the Plaintiff's medical records which date back to October 2010; Plaintiff filed the instant suit on November 10, 2015. Although the date on which Plaintiff first discovered, or should have discovered, the alleged negligence remains unclear, the defense of statute of limitations may be successful depending on information learned in the yet-to-be-provided complete set of Plaintiff's medical records and the discovery process.

An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citations omitted).  "A review for futility is not equivalent to an evaluation of the underlying merits of the case. To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting *Davis*, 615 F.2d at 613).

As noted, plaintiff filed suit pursuant to 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.[7]

---

[7] Although § 2401(b) uses the phrase "or unless" to connect its two requirements, when considered in context, the phrase has uniformly been interpreted to mean "and." *See, e.g., Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986) (stating that § 2401(b) "provides

In *United States v. Kubrick,* 444 U.S. 111 (1979), the Supreme Court adopted a version of the discovery rule pertaining to the "accrual" of FTCA claims. Like this case, *Kubrick* was a medical malpractice case involving allegations of negligence against physicians employed by the VA. The Supreme Court determined that, although an FTCA claim will ordinarily "accrue[ ] at the time of the plaintiff's injury," *id.* at 120, accrual cannot occur until the plaintiff gains "possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* at 122. The Court reasoned: "That [the plaintiff] has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." *Id.* However, the *Kubrick* Court rejected the argument that an FTCA claim does not "accrue until a plaintiff learns that his injury was negligently inflicted." *Id.* at 120.

The Fourth Circuit has recognized: "The clear import of *Kubrick* is that a claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." *Gould v. U.S. Dept. of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990); *accord Kerstetter v. United States*, 57 F.3d 362, 364–65 (4th Cir. 1995) (holding that under *Kubrick* an FTCA medical malpractice claim accrues when the plaintiff knows that "*the operation* caused the injury," even if the plaintiff does not know the "precise medical reason for the injury") (emphasis in original); *Gilbert v. United*

---

that a claim must be 'presented in writing to the appropriate federal agency within two years after such claim accrues' *and* that a civil action must be commenced within six months after the final denial of the claim by the agency") (emphasis added and omitted). In *Ellison v. United States*, 531 F.3d 359 (6th Cir. 2008), the Sixth Circuit reviewed and explained the case law regarding this issue of statutory interpretation, observing that any other reading of the statute "would effectively eliminate *any* court deadline" for initiating an FTCA lawsuit. *Id.* at 362 (emphasis in original).

16

*States*, 720 F.2d 372, 374 (4th Cir.1983) ("The Supreme Court has determined that a cause of action accrues within the meaning of § 2401(b) when a prospective plaintiff knows of both the existence of his injury and its cause.").

With respect to "cases involving a failure to diagnose, a cause of action does not necessarily accrue when the malady is finally diagnosed, but rather when the earlier failure to diagnose is discovered." *Adkins v. United States*, 923 F. Supp. 2d 853, 858 (S.D.W. Va. 2013) (citing *Miller v. United States*, 932 F.2d 301 (4th Cir. 1991)).  Accrual may turn on "when and if plaintiff discovered or through the exercise of reasonable diligence should have discovered that the failure of [her] doctors to diagnose, treat, or warn [her] led to [her] deteriorating physical condition." *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983) (citing *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981)).

Plaintiff provided notice of her claims to the VA, by way of correspondence dated November 18, 2014.  ECF 1, ¶ 3; *see also* ECF 1-1 (letter to VA dated November 18, 2014). On June 3, 2015, the VA responded with written notice of its denial of plaintiff's claim.  ECF 1, ¶ 3; *see also* ECF 1-1 (letter to plaintiff's counsel dated June 3, 2015).  Plaintiff filed suit on November 10, 2015, less than "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Ultimately, whether plaintiff's malpractice claims are barred by limitations depends on when her claims accrued.  If her claims against VA accrued prior to November 18, 2012, they are barred; if her claims accrued after November 18, 2012, the limitations defense fails.  *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim

accrues….").  It is premature to conclude, well before the close of discovery, that the "statute of limitations defense is [ ] so clearly insufficient or frivolous on its face as to be futile." *Brightwell*, DKC-11-3278, 2015 WL 5315757, at *5.[8]

### III. Conclusion

For the foregoing reasons, I shall grant the Motions to Amend.  An Order follows.


Date: October 27, 2016                                         _____/s/_____
                                                                                    Ellen Lipton Hollander
                                                                                    United States District Judge

---

[8] An amendment to a complaint is futile if it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *see Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  Plaintiff does not advance the contention that the pleading standard of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses.  And, I need not address that issue here.